E-FILED
Tuesday, 22 September, 2026 01:13:42 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **OTTO BOBADILLA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3210** |
| | ) | |
| **BRITANI GREEN, *et al.*,** | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Western Illinois Correctional Center ("Western"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff files suit against Defendants Warden Britani Green, Wexford Companies, Nurse Practitioner S. Clarkson, Sergeant Jon Doe, Nurse Dixon, and Governor J.B. Pritzker.

Plaintiff alleges he broke or dislocated his left pinky finger while playing soccer on June 19, 2024. Plaintiff told Defendant Sergeant Jon Doe about his injury and severe pain and asked

Defendant Doe to send him to the Healthcare Unit ("HCU") for medical treatment. Defendant Doe denied Plaintiff's request and instructed him to return to his cell.

The following morning, Plaintiff's finger was swollen and discolored, and the pain had intensified. Plaintiff notified a correctional officer about his injury and was sent to the HCU, where he was examined by Defendants Nurse Practitioner Clarkson and Nurse Dixon. Defendant Clarkson ordered an x-ray, and Defendant Dixon taped Plaintiff's pinky finger to his ring finger, causing additional pain. Plaintiff alleges Defendant Dixon did not give him any pain medication.

On June 26, 2024, Plaintiff was called to the HCU for an x-ray. After the x-ray was complete, Plaintiff was instructed to return to his cell. Plaintiff still had not received any pain medication.

On July 2, 2024, Plaintiff was sent to an outside clinic. After another x-ray was taken, the doctor confirmed Plaintiff's pinky finger was broken or dislocated and attempted to realign it, causing pain and discomfort. The doctor was unable to realign Plaintiff's finger because it had settled and recommended referring Plaintiff to a hand surgeon.

Plaintiff states he is still in pain. Plaintiff asserts that when he sees a hand surgeon, the surgeon will need to cut open his finger to check for any trapped nerves, tendons, or ligaments and rebreak bones that did not heal properly, causing further pain and suffering. Plaintiff asserts he should have been sent to an outside hospital for an x-ray to verify if his finger was broken or dislocated the same day the incident occurred or the following day. Plaintiff alleges the delay in treatment prolonged his pain and suffering.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim

of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837). The Court finds that Plaintiff has stated an Eighth Amendment claim against Defendants Sergeant Jon Doe, Nurse Practitioner Clarkson, and Nurse Dixon based on their alleged deliberate indifference to Plaintiff's broken or dislocated left pinky finger and his pain.

Plaintiff names Governor Pritzker and Warden Green as Defendants, but he does not include any specific allegations against them in his Complaint. It appears that Plaintiff is attempting to hold Defendants Pritzker and Green liable based on their supervisory positions. Plaintiff did not include any specific allegations to demonstrate that Defendants were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional

deprivation."). There is no *respondeat superior* under § 1983. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Defendants Pritzker and Green are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff names Wexford as a Defendant, but he does not claim that he was injured due to a policy or practice of Wexford. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978); *see also McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury). Wexford may not be held accountable merely for the actions of its employees, as there is no *respondeat superior* liability under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Defendant Wexford is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff is advised that Sergeant Jon Doe cannot be served. As such, the Court *sua sponte* names Warden Justin Maher as a Defendant, in his official capacity only, to help Plaintiff identify Sergeant Jon Doe. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Warden Maher aimed solely at identifying Sergeant Doe. After Sergeant Doe has been identified, Warden Maher may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify Sergeant Doe and to file a motion to substitute his real name. The failure to do so will result in the dismissal of Sergeant Doe without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment claim against Defendants Sergeant Jon Doe, S. Clarkson, and Nurse Dixon based on their alleged deliberate indifference to Plaintiff's broken or dislocated left pinky finger and pain. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Court *sua sponte* names Warden Justin Maher as a Defendant, in his official capacity only, to help Plaintiff identify Defendant Sergeant Jon Doe. The Clerk is DIRECTED to add Justin Maher as a Defendant. Plaintiff may propound written discovery requests upon Warden Maher aimed solely at identifying Sergeant Doe. After Sergeant Doe has been identified, Warden Maher may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify Sergeant Doe and to file a motion to substitute his real name. The failure to do so will result in the dismissal of Sergeant Doe without prejudice.

3) Defendants Britani Green, Wexford Companies, and J B Pritzker are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is DIRECTED to terminate Defendants Green, Wexford Companies, and Pritzker.

4) The Clerk is DIRECTED to correct Defendant Nurse Dixon's name on the docket by changing "Dixon Nurse" to "Nurse Dixon."

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any

motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: September 22, 2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge